UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK A. MACK, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:11-CV-587 CAS |
| v. ) | |
| ) | |
| CITY OF NORTHWOODS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on a motion for summary judgment filed by defendant City of Northwoods (the "City"). The motion is fully briefed and ready for decision. For the following reasons, the motion will be denied.

**Background**

This is an action under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4331, et seq. ("USERRA"). Plaintiff Mack alleges in his Petition that he was enlisted in the United States Naval Reserves at the time he became employed by the City as a part-time police officer in November 2005. Plaintiff went on leave from the City in April 2007 for annual Naval Reserves training, and during the training received orders for an active duty overseas deployment for a period of 365 days. Plaintiff informed the City of his deployment when he returned to work on May 4, 2007, and was terminated from employment on May 28, 2007. Plaintiff also alleges that after he returned from active duty, he notified the City that he was available for reemployment, but the City refused to reemploy him.

The City moves for summary judgment asserting that (1) plaintiff's discharge from employment had nothing to do with his military duties, which were not a consideration in his discharge; and (2) alternatively, plaintiff's discharge was justified due to plaintiff's failure to follow the orders of his superiors, including arguing with the City's Mayor and challenging his authority.

**Summary Judgment Standard**

The Eighth Circuit recently restated the appropriate standard for consideration of motions for summary judgment, including those filed in employment discrimination cases, explaining as follows:

> Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.

Torgerson v. City of Rochester, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc) (internal citations and quotation marks omitted).

**Discussion**

"USERRA 'prohibits employment discrimination on the basis of military service.'" Rademacher v. HBE Corp., 645 F.3d 1005, 1010 (8th Cir. 2011) (quoted case omitted). "Because USERRA was enacted to protect the rights of veterans and members of the uniformed services, it must be broadly construed in favor of its military beneficiaries." Id. An employer violates USERRA when the employee's military status is a substantial or motivating factor in the adverse employment action, unless the employer can prove that the action would have been taken in the absence of that status. Id. (quoting 38 U.S.C. § 4311(c)(1)); Gagnon v. Sprint Corp., 284 F.3d 839, 853 (8th Cir. 2002), abrogated on other grounds, Desert Place, Inc. v. Costa, 539 U.S. 90 (2003). "[M]ilitary status is a motivating factor if the defendant relied on, took into account, considered, or conditioned its decision on that consideration." Hogan v. United Parcel Service, 648 F.Supp.2d 1128, 1138 (W.D. Mo. 2009) (quoted case omitted).

"Unlike the McDonnell Douglas framework [utilized in Title VII claims], the procedural framework and evidentiary burdens set out in section 4311 shift the burden of persuasion, as well as production, to the employer." Gagnon, 284 F.3d at 854. Under USERRA, a plaintiff must make "an initial showing . . . that military status was at least a motivating or substantial factor in the [employer's] action." Id. (quoting Sheehan v. Department of Navy, 240 F.3d 1009, 1014 (Fed. Cir. 2001)). If the plaintiff makes such a showing, "the [employer] must prove, by a preponderance of evidence, that the action would have been taken despite the protected status.'" Id. (quoting Sheehan, 240 F.3d at 1014).

A plaintiff may show discriminatory motivation or intent through either direct or circumstantial evidence. Sheehan, 240 F.3d at 1014. "Discriminatory motivation under the USERRA may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action [and] inconsistencies between the proffered reason and other actions of the employer[.]" Id. "Circumstantial evidence will often be a factor in these cases, for discrimination is seldom open or notorious." Hogan, 648 F.Supp.2d at 1138 (quoting Sheehan, 240 F.3d at 1014).

As stated above, the City asserts that plaintiff cannot show his military duties had anything to do with his discharge from employment or, if he can make such a showing, his termination was justified. Applying the standards set forth above and resolving all conflicts in favor of plaintiff, the Court finds there are genuine issues of material fact as to whether plaintiff can show that his military duties were a motivating factor in his termination. Issue of fact arise from the proximity in time between plaintiff's notice to the City of his active duty deployment and his termination, and the wide disparity and inconsistency between plaintiff's and the City's proffered evidence concerning the events that led to plaintiff's termination. As a result, the City has not shown that it is entitled to judgment as a matter of law.

**Conclusion**

For the foregoing reasons, the Court concludes that the City of Northwoods' motion for summary judgment should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the City of Northwoods' motion for summary judgment is **DENIED**.  [Doc. 21]

                                          **CHARLES A. SHAW**
                                          **UNITED STATES DISTRICT JUDGE**

Dated this  15th  day of October, 2012.